# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIKE REDFORD, | |
|       Plaintiff, | |
| v. | 1:09-mi-0200 |
| JUDGE CYNTHIA WRIGHT, | |
|       Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation (R&R) [4] regarding Plaintiff Mike Redford's ("Plaintiff") application to proceed *in forma pauperis* (IFP) in this action [1] and on Plaintiff's Objections to the R&R [5].

## I. BACKGROUND

On May 19, 2009, Plaintiff filed an application to proceed *in forma pauperis* in this action against Judge Cynthia Wright, Fulton County Superior Court. Plaintiff alleges that on December 19, 2008, Judge Wright issued an "Amended Family Violence Twelve Month Protective Order" affecting Plaintiff's visitation rights with his children and that his civil rights under 42 U.S.C. § 1983 have been violated.

Although the Eleventh Circuit has indicated that a magistrate judge's denial of pauper status is a non-dispositive ruling and, accordingly, reviewed only for abuse of discretion, see In Re Arnold v. Mortgage Electronic Registration Sys., Inc., 166 Fed. Appx. 424, 425 (11th Cir. January 26, 2006) (per curiam) (citing Camp v. Oliver, 798 F.2d 434, 436-37 (11th Cir. 1986)), Magistrate Judge King issued a report and recommendation on July 2, 2009.[1] Magistrate Judge King recommended that Plaintiff's IFP application be denied and that this action be dismissed with prejudice because Judge Wright has absolute immunity from suit under 42 U.S.C. Section 1983.

The Court notes that Plaintiff has filed at least sixteen (16) civil actions, including this one, in this court since October 4, 2002. Plaintiff's earlier actions have all been dismissed as frivolous or for failure to state a claim.[2]

---

[1] Magistrate Judge King acted out of an abundance of caution, noting a split of opinion among courts over whether a magistrate judge's denial of pauper status is a ruling on a non-dispositive pre-trial matter (reviewed by the district court for clear error) or a matter on which the magistrate should issue a report and recommendation for the district court to review pursuant to Federal Rule of Civil Procedure 72(b). See e.g., Poche v. Butler, 2007 WL 2695350, at *1 n.1 (E.D. La. September 11, 2007); Bethel v. Loxley, 2006 WL 3361402, at *1 (S.D. Ala. November 20, 2006). But cf. Lister v. Dept. of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990).

[2] Several of the actions were directed against judicial and public officials in Gwinnett County in connection with Plaintiff's divorce proceeding and his failure to pay support for his five children. See, e.g., Mike Redford v. Gwinnett County

## II. DISCUSSION

### A. Standard of Review on the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). This is the same standard of review provided by Federal Rule of

---

Judicial Circuit, R. Timothy Hamil, Mark Lewis, Bob Mitchell and James W. Oxendine, Head Magistrate, Civil Action No. 1:02-CV-2739-WBH; Mike Redford v. The Honorable Mark Lewis, individually and in his official capacity, Civil Action No. 1:04-cv-1636; Mike Jethro Redford v. Stephen Franzen, Judge, R.L. Butch Conway, Sheriff, and Gwinnett County Judicial Circuit, Civil Action No. 1:04-CV-0473-WBH.

Civil Procedure 72(b), which requires the district court to conduct a *de novo* review of any part of a magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

B. **Plaintiffs' Objections to the Magistrate Judge's R&R**

Plaintiff's "Motion for Objection for Magistrate Order" is mostly a disjointed commentary on the constitutional right of access to the courts and the duties of a republican form of government. Plaintiff accuses the Magistrate Judge of personal bias and racial prejudice. These allegations are made without any support and are overruled.[3] Plaintiff does not raise any specific objections to the Magistrate Judge's actual findings. Without specific objections for the Court to review *de novo*, the Court reviews the R&R only for plain error.[4]

A litigant does not have an absolute right to file an action *in forma pauperis*. A court, however, "may" authorize an action to proceed without prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The action shall be dismissed if it seeks

---

[3] Plaintiff claims that he "previously disqualified/recused" Magistrate Judge King. Doc. 5 at 9. Plaintiff did seek to disqualify Magistrate Judge King in another civil matter before this Court, but the Motion to Disqualify was denied. See Redford v. Gwinnett Cty. Judicial Cir., No. 1:08-cv-03686 (N.D. Ga. Filed Dec. 4, 2008).

[4] Plaintiff does object that the Magistrate Judge is not authorized to issue a final order on an application to proceed *in forma pauperis*. Doc. 5 at 2. As the Magistrate Judge submitted a report and recommendation to the Court, this objection is moot and is overruled.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

Dismissal is appropriate when the factual allegations of a Complaint are determined to be clearly baseless or the legal theories indisputably meritless. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). Accord Davis, 261 Fed. Appx. at 235(upholding *sua sponte* dismissal of complaint as frivolous; the allegations in the complaint were clearly baseless and without arguable merit in fact, and the plaintiff was simply employing the legal system as a tool to intimidate and heckle those he perceived to have done him wrong).

The Court, whether reviewing *de novo* or for plain error, finds the Magistrate Judge did not err in finding that Plaintiff Redford's claims are clearly without merit and that he is employing the legal system as a tool to retaliate against a judge he perceives to have wronged him in matters related to his divorce and child visitation. The Court also finds no error in the Magistrate Judge's finding that Plaintiff seeks monetary relief against a defendant who is immune from such relief. Judge Wright is entitled to absolute immunity from suit under 42 U.S.C. § 1983. See Lietzke v. McKinney, 2007 WL 1589503, at *3 (M.D. Ala. 2007) (citing Scott v. Hayes, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing

judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). Accordingly, Plaintiff's application to proceed IFP is denied under 28 U.S.C. § 1915(e)(2)(B)(iii), and Plaintiff's claims are required to be dismissed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Report and Recommendation [5] are **OVERRULED** and that the Court **ADOPTS**[5] Magistrate Judge Janet F. King's Report and Recommendation [4].

**IT IS HEREBY FURTHER ORDERED** that that Plaintiff Mike Redford's application to proceed *in forma pauperis* against Judge Cynthia Wright [1] is **DENIED** and that and the action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 25th day of September, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Court elects not to adopt the pre-filing approval process suggested by the Magistrate Judge.